### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**JOHN R. McCAULEY,**

         **Plaintiff,**

    **vs.**                                   **Case No. 1:11-cv-3 WDS/ACT**

**BOARD OF COMMISSIONERS FOR
BERNALILLO COUNTY, a governmental
entity,**

         **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Defendant's Motion to Dismiss Plaintiff's Amended Complaint* and memorandum [Docs. 20, 21], filed October 10, 2011; Plaintiff's response [Doc. 22], filed October 25, 2011; and Defendant's reply [Doc. 24], filed November 22, 2011.  The motion is **GRANTED in part and DENIED in part**.

**I.**      **BACKGROUND**

      **A.**      **Procedural background**

Plaintiff John McCauley is employed as a lieutenant in the Bernalillo County Sheriff's Department.  On January 3, 2011, he filed this action alleging employment discrimination.  [Doc. 1.]  The original complaint named two defendants:  Board of Commissioners for Bernalillo County ("County") and the Bernalillo County Sheriff's Department.

Defendants moved to dismiss the original complaint pursuant to Rule 12(b)(6) on March 4, 2011.  [Docs. 7, 8.]  McCauley responded to Defendants' 12(b)(6) motion with an affidavit and numerous new factual allegations.  [Doc. 12.]  He requested leave to amend the complaint to incorporate the new factual allegations.  [Id. at 9.]  The parties dismissed the claims against the

Bernalillo County Sheriff's Department by stipulation on August 2, 2011.  [Doc. 15.]  The Court

granted McCauley's request to amend and gave Defendants leave thereafter to file any dispostive

motions they deemed appropriate.  [Doc. 18.]

McCauley filed his amended complaint on September 22, 2011.  [Doc. 19 (Am. Compl).]

Defendant County now moves to dismiss the amended complaint pursuant to Rule 12(b)(1).

According to the County, the Court lacks subject matter jurisdiction over the amended complaint

because McCauley failed to exhaust his administrative remedies.

**B.**     **Allegations in the Amended Complaint**

According to the amended complaint, McCauley began working for the County in 1992 as

a deputy in the Bernalillo County Sheriff's Department.  [Am. Compl. ¶ 6.]  He was eventually

promoted to lieutenant and in 2010, was assigned to the Judicial Operations Division with

responsibility for supervising deputies and civilian staff.  [Id. ¶¶ 8, 9.]  In the summer of 2010, he

began having difficulties with two of the females he supervised—one a sergeant and the other a

civilian staff member.  [Id. ¶ 10.]  The sergeant did not turn reports in in a timely manner and was

absent from her work area for long periods without informing McCauley.  [Id. ¶ 12.]  The staff

member also was absent from her work area for long periods, would arrive late to work, take long

lunch breaks, and worked on personal projects for herself and McCauley's supervisor, Captain

Thomas.  [Id. ¶¶ 11, 12.]  These female employees refused to correct their behavior and complained

about McCauley to Captain Thomas.  [Id. ¶ 14.]

Captain Thomas refused to follow McCauley's recommendations of discipline and

McCauley's supervisors told him his expectations for female employees were too high.  [Id. ¶ 15.]

McCauley was told to treat the females differently than the males in his unit.  [Id.]  McCauley was

unable to discipline the two female employees and Captain Thomas frequently undermined his

2

authority by allowing them to violate Sheriff's Department policies.  [Id. ¶¶ 17–18.]

Captain Thomas directed McCauley to advocate an upgrade for the female staff member. [Am. Compl. ¶ 20.] McCauley refused because he believed her performance was substandard. [Id.] McCauley's supervisors told him that as a male supervisor, he could not hold female employees accountable as he did male employees.  [Id. ¶ 21.] Captain Thomas became increasingly hostile to McCauley in front of his subordinates because McCauley refused to treat females differently.  [Id.]

McCauley observed the female staff member wearing inappropriate clothing that he believed was in violation of department policies.  [Am. Compl. ¶ 24.]  He knew he would be unable to discipline her so he discussed the matter with a female office manager who agreed to address the lack of professional attire with the staff member. [Id. ¶ 26.] When McCauley discussed the incident with Captain Thomas, Captain Thomas stated he liked the inappropriate attire and "cleavage in the office is a good thing."  [Id. ¶ 27.]

McCauley advised Captain Thomas that the inability to discipline females was interfering with his duties as a supervisor and causing morale problems.  [Am. Compl. ¶ 28.] Captain Thomas was angry with McCauley for complaining about the females and told McCauley the females had complained about him.  [Id.]

Captain Thomas put McCauley on administrative leave within a few weeks of McCauley's first complaints about the females.  [Am. Compl. ¶ 29.] McCauley was on administrative leave for six months. [Id. ¶ 34.]  When he returned to work, he was not restored to a supervisory position and was not given any permanent duties.  [Id.]  He applied but was not selected for captain's positions even though he was the most senior lieutenant and would have been a top candidate.  [Id. ¶¶ 36–37.] McCauley believes he was retaliated against for opposing a hostile work environment for himself and his subordinates.  [Id. ¶ 32.]

Based on these allegations in the amended complaint, McCauley asserts Title VII claims for gender discrimination (Count I) and retaliation (Count II).  He claims the County discriminated against him on the basis of his gender and retaliated against him for refusing to participate in discrimination on the basis of sex.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

A party challenging jurisdiction motion may make either a facial attack on the complaint's allegations, or may go beyond the complaint's allegations and challenge the facts upon which jurisdiction is based.  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). Defendant challenges the facts upon which jurisdiction is based.  In reviewing this type of jurisdictional challenge, a court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."  *Id.* (internal quotation marks and citation omitted).

### B.    Exhaustion of Title VII claims

"Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII."  *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).  A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the Equal Employment Opportunity Commission ("EEOC").  *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (citation and quotation marks omitted).

"[W]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge[.]"  *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.

4

2003) (brackets in original; quotation marks and citation omitted).   A claim is considered "reasonably related" when "the conduct complained of would fall within the scope of the administrative investigation which can reasonably be expected to grow out of the charge that was made." *Mitchell v. City and County of Denver*, 112 F. App'x 662, 667 (10th Cir. 2004) (quotation marks, citation, and brackets omitted).   Charges should be liberally construed because they are regularly filled out by employees who do not have the benefit of counsel.   *Id.*; *see also Nettle v. Cent. Okla. Am. Health Counsel, Inc.*, 334 F. App'x 914, 927 (10th Cir. 2009) (unpublished) (directing courts to liberally construe charges filed with the EEOC).

## III.   ANALYSIS

### A.      The charge and administrative documents

The exhibits attached to the County's motion indicate: (1) McCauley submitted an Intake Questionnaire to the EEOC on November 25, 2009 [Doc. 21-1 at 1–5 (Ex. A).]; (2) filed a Charge of Discrimination on February 18, 2010 [Doc. 21-1 at 6 (Ex. B); and (3) the EEOC issued a Dismissal and Notice of Rights on October 20, 2010 [Doc. 21-1 at 7 (Ex. C).]

The charge form contains boxes for the complainant to indicate the type of discrimination. McCauley checked the boxes for "sex" and "retaliation."  [Doc. 21-1 at 6.]  The charge includes the following narrative description of the particulars:

> I was hired as a cadet on December 19, 1992, by the Bernalillo County Sheriff's Department (Respondent), and I worked my way up the ranks to the current title of Lieutenant.  After I complained about a female coworker's (Administrative Assistant - Senior) inappropriate attire and violations of Respondent's dress code in June 2009, the Captain began to mock me, discipline me and placed me on indefinite administrative leave with pay commencing October 26, 2009, to the present. Also in June 2009, the Captain strongly encouraged me to submit a promotion request for the female employee; however, she was not qualified and I decline to submit the promotion request. The Captain's response to my complaint included but is not limited to "cleavage is a good thing; it makes the office more enjoyable." Additionally, the Captain allows this female employee to have extended lunch periods, arrive late and leave early, and type his school papers during official duty hours.  Other employees

and I have witnessed the preferential treatment and the Captain continues to allow the female employee to violate various policies without reprimand, which creates a hostile environment for me and subordinates.

I believe I am being discriminated against because of my sex (male) and retaliated against for having opposed discriminatory actions and a hostile work environment, both of which are in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Doc. 21-1 at 6.]  The charge is signed by McCauley under penalty of perjury.  [Id.]

In addition, McCauley directs the Court to two pieces of correspondence that purportedly were part of the investigation:  (1) a letter dated September 20, 2010, from the EEOC to McCauley [Doc. 22-1 at 1–4]; and (2) a letter dated October 6, 2010, from his attorney to the EEOC [Doc. 22-1 at 5–6].  McCauley argues these letters, in combination with the intake questionnaire, establish exhaustion.  As discussed below, in this case the Court considers only the official charge when determining if the claims were administratively exhausted.

### B.      Gender Discrimination

McCauley's claim of gender discrimination—*i.e.*, that he was discriminated against because he is male—has no factual predicate in the charge.  The charge does not allege McCauley was the victim of gender discrimination.  It alleges one particular female employee, an administrative assistant, received preferential treatment and avoided discipline because she had a special relationship with the Captain.

Although he marked the box indicating sex discrimination and stated he believed he was being discriminated against because of his sex, this is not sufficient to exhaust the claim of gender discrimination in the absence of specific factual allegations.  *Jones*, 502 F.3d at 1186 ("[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]").  In contrast to the amended complaint, the charge does not allege McCauley was told to treat all females differently, that he should hold females to lower standards than men, or that he could not

exercise supervisory authority because he is male.  The charge contains no factual allegations that he was treated differently because he is a man.

Furthermore, the claim of gender discrimination described in the amended complaint is not reasonably related to the allegations in the charge.  An investigation into gender discrimination against McCauley, a male lieutenant in the Bernalillo County Sheriff's Department, could not be expected to develop from a charge of favoritism regarding a particular female administrative assistant.

Both parties direct the Court to the intake questionnaire McCauley submitted to the EEOC about three months before he filed the official charge.  However, the Court is not persuaded the intake questionnaire should be considered for purposes of determining exhaustion.

"The official charge is 'the primary, and usually the only, place to which courts look to determine whether a plaintiff timely and properly exhausted her claims before the EEOC.'" *McDonald v. Corrs. Corp. of Am.*, 181 F.Supp.2d 1274, 1278 (D.N.M. 2002) (citing *Welsh v. City of Shawnee*, 182 F.3d 934, 1999 WL 345597, at *5 (10th Cir. June 1, 1999) (unpublished)).  Despite this general rule, a court may consider documents outside the charge under certain circumstances. *Id.*  An intake questionnaire may be considered if the allegations are verified and the questionnaire can reasonably be construed as a request for the agency to take remedial action.  *Semsroth v. City of Wichita*, 304 F.App'x 707, 713 (10th Cir. 2008) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147, 1157–58 (2008)).

McCauley's intake questionnaire does not bear the indicia of a charge because it is neither signed nor verified, and it does not request remedial action.  *See id.* (simply filling out intake questionnaire form with factual information does not constitute a request for agency action).  Even if the Court were to consider McCauley's intake questionnaire, the Court still would find the gender

discrimination claim unexhausted.

The intake questionnaire contains more detail than the charge, but it does not allege McCauley was discriminated against because of his gender. It describes several problems McCauley had with Captain Thomas. Captain Thomas allegedly made fun of McCauley in front of other officers for issuing a memo regarding the clothing attire of the civilian staff [Doc. 21-1 at 3]; was abrupt and used an angry tone when discussing who should have the combination to the safe [Id.]; used a condescending tone with another officer in McCauley's presence during a discussion at an auction house [Id. at 4]; and became mad and upset with "Tillie and Andrea" because they did not include him when planning a going away party for an employee who was retiring [Id.]. The intake questionnaire also describes the "favoritism" and "special treatment" Captain Thomas allegedly showed the administrative assistant, Elizabeth, and claims the unequal treatment upset the other employees. [Id. at 3–5.] It further describes a disagreement between McCauley and Captain Thomas over whether her low-cut shirts violated the dress code and whether McCauley was treating her "equally" compared to another female employee. [Id. at 4–5].

Gender discrimination is outside the scope of the investigation that could be expected to result from the intake questionnaire's accounts of office squabbles and a dress code dispute. The two letters McCauley claims were part of the investigation also do not establish exhaustion of McCauley's gender discrimination claim. One was drafted by the EEOC and conveys the results of Defendant's internal investigation. [Doc. 22-1 at 1–4.] The other, drafted by McCauley's attorney, responds to the assertions contained in the EEOC letter. Although it requests action, *i.e.*, that the EEOC "finalize its investigation and issue a finding of probable cause," it merely elaborates on McCauley's allegations of favoritism. [Id. at 5–6.] Accordingly, the claim of gender discrimination is not exhausted and the County's motion to dismiss will be granted as to Count I of

the amended complaint.

C.     Retaliation

Construed liberally, the charge provides adequate, though meager, foundation for the claim of retaliation McCauley has attempted to allege in the amended complaint.[1]  In the amended complaint, McCauley alleges the Defendant retaliated against him in violation of Title VII because he "complained of discrimination on the basis of sex and refused to participate in discrimination on the basis of sex."  [Am. Compl. ¶ 47.]  McCauley further alleges he told his superiors "he would not discriminate against males in the department and would treat all employees he supervised the same." [Id. ¶ 16.]

Defendant argues the charge fails to allege McCauley was retaliated against for opposing differential treatment.  [Doc. 21 at 5.]  The Court does not agree.  To the contrary, the charge states McCauley was "retaliated against for having opposed discriminatory actions and a hostile work environment[.]"  [Doc. 21-1 at 6.]  While it is true the narrative of the charge describes the preferential treatment afforded one particular female employee and offers no facts suggesting McCauley himself suffered gender discrimination, liberally construed, the charge could reasonably lead the EEOC to investigate a claim that McCauley was placed on administrative leave because he opposed differential treatment on the basis of gender.  Accordingly, the County's motion will be denied as to Count II.

**IT IS HEREBY ORDERED** that *Defendant's Motion to Dismiss Plaintiff's Amended Complaint* (Doc. 20) filed October 10, 2011, is **GRANTED** as to Count I (Gender Discrimination)

---

[1]Defendant has not argued the Amended Complaint fails to state a Title VII retaliation claim and the Court expresses no opinion on the matter.  The Court's analysis is limited to determining whether an administrative investigation into the retaliation described in the Amended Complaint could reasonably be expected to follow from the allegations in the charge.

and **DENIED** as to Count II (Retaliation);

    **IT IS FURTHER ORDERED** that Count I of the Amended Complaint is **DISMISSED without prejudice**;

    **IT IS FURTHER ORDERED** that Defendant shall, within 15 days, file an answer to the amended complaint or a dispositive motion directed to the remaining claim.

                                       _____

                                       **W. DANIEL SCHNEIDER**
                                       **UNITED STATES MAGISTRATE JUDGE**